IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANTHONY DERRICK DANIELS,

Plaintiff,

v.  Civil Action No. 3:19CV96

JOI J. TAYLOR,

Defendant.

## MEMORANDUM OPINION

Anthony Derrick Daniels, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action. For the reasons that follow, the Court will dismiss the action pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A as frivolous and for failure to state a claim upon which relief may be granted.

## I. Preliminary Review

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th

2

Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

Daniels's Complaint (ECF No. 1) contains a terse statement of his claim against Joi. J. Taylor, a Circuit Court Judge in the City of Richmond. (*Id.* at 4.) He labels his claim as pursuant to "The 5th and 14th Amendment to the U.S. Constitution Due Process" (*id.* at 3),[1] and states as follows:[2]

> Mrs. Taylor was informed on 01/10/19, of the fact of perjury by the witness and the misconduct by the prosecutor of having this proof but not showing it to the court. Mrs. Taylor still proceed to have trial showing bias to the plaintiff who is still being detained.

(*Id.* at 4 (citation omitted).) Next, in an attachment labeled "Claim Attachment 1A," Daniels states:

> The Plaintiff is now on lawyer #4. The facts of perjury by Ms. Cheatham in preliminary statement areas follows, "she said it was my car." This is my date of arrest 10/14/17 for expired registered vehicle tags. The car is registered to Ms. Cheatham. I have been convicted on these charges in Henrico Traffic Court. The 4 people in the courtroom support the fact of perjury against Ms. Cheatham: 1. Judge 2. Police Officer 3. Court Clerk 4. Lawyer from Henrico Traffic Court. (Have tickets.)

---

[1] The Fifth Amendment Due Process Clause provides: "No person shall be . . . deprived of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. V. Similarly, the Fourteenth Amendment Due Process Clause provides: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV, § 1.

[2] The Court corrects the punctuation, capitalization, spelling, and spacing in quotations from Daniels's submissions. The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system.

3

(*Id.* at 5.) Daniels requests monetary damages of $400,000. (*Id.* at 4.)

## III. Analysis

The Court finds it both unnecessary and inappropriate to engage in an extended discussion of the lack of merit of Daniels's theory for relief. *See Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989))).

Judges are absolutely immune from suits under § 1983 for acts committed within their judicial discretion. *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). "Absolute judicial immunity exists 'because it is recognized that judicial officers in whom discretion is entrusted must be able to exercise discretion vigorously and effectively, without apprehension that they will be subjected to burdensome and vexatious litigation.'" *Lesane v. Spencer*, No. 3:09CV012, 2009 WL 4730716, at *2 (E.D. Va. Dec. 3, 2009) (citations omitted) (quoting *McCray v. Maryland*, 456 F.2d 1, 3 (4th Cir. 1972), *overruled on other grounds*, *Pink v. Lester*, 52 F.3d 73, 77 (4th Cir. 1995)). A judge is entitled to immunity even if "the action [she] took was in error, was done maliciously, or was in excess of his authority . . . ." *Stump*, 435 U.S. at 356. This immunity extends to magistrate judges in Virginia. *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citation omitted) (noting that "[a]s judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity"). Only two exceptions apply to judicial immunity: (1) nonjudicial actions; and (2) those actions "though judicial in nature, taken in complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citation omitted). Neither exception applies in this instance.

Daniels alleges that Defendant Taylor refused to admit or allow certain evidence during the course of his criminal proceedings. Daniels fails to allege facts that plausibly suggest that this was a nonjudicial action or that Defendant Taylor's actions were taken in complete absence of all jurisdiction. Thus, Defendant Taylor is entitled to absolute immunity. Accordingly, the Court finds the action is subject to dismissal as frivolous and for failure to state a claim.

## IV. Conclusion

The action will be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAY 28 2019
Richmond, Virginia

5